**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Country Inns & Suites By Carlson, Inc., | : | |
| a Minnesota Corporation, | : | : |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Gokul Management, Inc., a New Jersey | : | |
| Corporation; Divyakant Patel, a New | : | Civil Action No. 07-2044 (DRD) |
| Jersey Resident; Rose Hotels, Ltd., a | : | |
| New Jersey Company; and Jitendra | : | **OPINION** |
| Lodhia, a New Jersey Resident, | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| Gary S. Pasricha, Esq., | : | |
| Third Party Defendant. | : | |

Appearances by:

Dennis R. LaFiura, Esq.
Day Pitney, LLP
P.O. Box 1945
Morristown, NJ 07932
      Attorney for Plaintiff, Country Inns & Suites by Carlson

Lauren R. Staiger, Esq.
Paul Robert Rizzo, Esq.
DeFrancesco Batemen Coley Yospin Davis & Lehrer PC
15 Mountain Boulevard
Warren, NJ 07059
      Attorneys for Defendants, Gokul Management, Inc. and Divyakant Patel

Clement Chien Ming Chang, Esq.
Pasricha & Patel, LLC
1794 Oak Tree Road
Edison, NJ 08820
      Attorney for Defendants, Rose Hotels, Ltd., Jitendra Lodhia and Gary S. Pasricha, Esq.

**DEBEVOISE, United States Senior District Judge**

Gokul Management, Inc. ("GMI") and Divyakant Patel ("Patel"), defendants in an action

filed by Country Inns & Suites by Carlson ("Carlson"), filed a Third Party Complaint against

Gary S. Pasricha, Esq. ("Pasricha").  Pasricha moves, pursuant to Fed. R. Civ. P. 12(b)(6), to

dismiss the Third Party Complaint against him for failure to state a cause of action upon which

relief may be granted, asserting that the Third Party Plaintiffs have not pleaded facts sufficient to

constitute a cause of action against him for negligence and breach of fiduciary duty.  Pasricha

also moves, pursuant to Fed. R. Civ. P. 11(b), for sanctions against Paul Robert Rizzo, Esq.

("Rizzo"), attorney for the Third Party Plaintiffs, for filing a frivolous pleading.  Pasricha asserts

that the Third Party Complaint is a "bizarre legal malpractice claim," that seeks to hold him

liable for damages arising from a negotiation between the Third Party Plaintiffs and Rose Hotels,

Inc. ("Rose"), in which he represented Rose.

For the reasons cited below, Pasricha's motion to dismiss will be denied and his motion

for sanctions will be denied.

## BACKGROUND

The Third Party Plaintiffs sought to construct and license a hotel under the trademark and

trade dress of Country Inns & Suites by Carlson, a licensor of guest lodging systems.  Patel, as

the principal for GMI, entered into a Guaranty of License Agreement ("the Guaranty") with

Carlson, which required him to make full and prompt payment to Carlson of all amounts due or

payable to Carlson under a license agreement that was yet to be signed.  In the event of

termination of the Agreement, the Guaranty also required Patel to perform certain post-

termination obligations.  In June 2004, while the hotel property was still under construction,

Carlson, as the franchisor,  and GMI, as the franchisee, entered into a fifteen-year License Agreement ("the Agreement"), which provided, *inter alia*, that GMI could not, and would not, transfer the hotel or the Agreement to another party without the consent of Carlson.  Carlson claims in its Complaint filed with this Court on May 13, 2004 that, in spite of this prohibition, GMI sold its rights, title, and interest in the hotel to Rose, in approximately May of 2006, without notification to, or the permission of, Carlson.

In the sale of the hotel, Pasricha represented Rose and its principal, Jitendra Lodhia ("Lodhia"), the buyers.  Bhavini Tara Shah, Esq. ("Shah") represented the Third Party Plaintiffs, the sellers.  Following vigorous negotiations, the parties agreed upon the terms of the sale, and Shah drafted the contract of sale (the "Contract"), which was executed on May 28, 2004.  The closing was scheduled for December 2004.

According to the Third Party Plaintiffs' June 21, 2007 Crossclaim against Rose and Lodhia, although Pasricha agreed to submit, and assumed the responsibility to submit, to Carlson the documents to terminate the agreement between Carlson and the Third Party Plaintiffs and to substitute Rose and Lodhia as the franchisees in place of the Third Party Plaintiffs, Pasricha failed to do so.  The Third Party Plaintiffs, in Count One of the two-count complaint, cite Pasricha's failure to file the documents with Carlson as negligence because they relied on him to file the documents and he knew that they were relying on him to do so.  Because Pasricha previously represented Patel in other matters, the Third Party Plaintiffs also trusted him to represent their best interests in this matter, too and, in Count Two, assert that they considered Pasricha to be a fiduciary who owed them a duty of loyalty, trust and good faith.  When Pasricha failed to effectuate the proper termination of the Agreement, they argued that he breached his

3

fiduciary duty to them, causing them to suffer damages.

Pasricha moves to dismiss the Third Party Complaint claiming that the Third Party Plaintiffs have failed to state a claim upon which relief may be granted by the Court. Pasricha denies the charge of negligence. He asserts that the injury to the Third Party Plaintiffs was caused by their own failure to provide a replacement franchisee prior to terminating their Agreement with Carlson, not his failure to deliver the documents to Carlson. Thus, he argues that, even if he were responsible for delivering the documents and failed to do so, his failure was irrelevant because the Third Party Plaintiffs had already caused the damages themselves. Pasricha also denies owing a fiduciary duty to the Third Party Plaintiffs. He argues that in this matter the Third Party Plaintiffs were represented by their own attorney who was responsible for effectuating the proper termination of the Agreement and to protect their interests, and that he represented parties adverse to the interests of the Third Party Plaintiffs, making the Third Party Plaintiffs' reliance on him "necessarily misplaced."

## DISCUSSION

The issue before the Court is, not whether the Third Party Plaintiffs will ultimately prevail, but whether the Third Party Plaintiffs' Complaint sufficiently states a cause of action for negligence and breach of fiduciary duty. Here, viewing the Third Party Complaint in the light most favorable to the Third Party Plaintiffs, the Third Party Plaintiffs have pleaded their cause of action sufficiently to withstand dismissal under Fed. R. Civ. P. 12(b)(6).

**Pleading Requirements**

Federal Rule of Civil Procedure 8(a)(2) provides that pleadings setting forth claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled

4

to relief."  To satisfy the pleading requirements set forth in Rule 8, a complaint need only establish a basis for judgment against the defendant.  Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006).  Generally, this requires the plaintiff to put the defendant on notice of the claims filed against him, thereby making it possible for the defendant to formulate a response.  See Klaitz v. N.J., 2006 WL 1843115, *5 (D.N.J. June 30, 2006).

**Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citation omitted).  When considering a 12(b)(6) motion, the Court must accept as true all allegations in the Complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Center Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  The Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly., 127 S.Ct. 1955 (2007).  Abrogating the standard established in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief,"  the Supreme Court now instructs that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct at 1965.

Although a court generally looks only to the alleged facts to determine whether dismissal is merited, "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including

judicial proceedings, in addition to the allegations in the complaint." <u>S. Cross Overseas</u>

<u>Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  Here, in

addition to the facts alleged in the Third Party Complaint and its exhibits, the Court will also

consider the May 1, 2007 action filed by Carlson against GMI, Patel, Rose and Lodhia and the

June 21, 2007 Crossclaim filed by GMI and Patel against Rose and Lodhia.

**The Existence of a Duty**

The New Jersey Superior Court Appellate Division has determined that "there is authority

for the proposition . . . that an attorney owes a fiduciary duty to persons, though not strictly

clients, who the attorney knows or should know would rely on the attorney in his or her

professional capacity," although "[t]he traditional rule . . . has been that only a client can assert a

cause of action against the attorney for professional negligence or malpractice."  <u>See</u> <u>Petrillo v.</u>

<u>Bachenberg</u> 263 N.J.Super. 472, 483-484 (App. Div. 1993) (citations omitted).  <u>See</u> <u>also</u> <u>Carino</u>

<u>v. Stefan</u>, 376 F.3d 156 (3d Cir. 2004) (under New Jersey law a lawyer's duty may run to third

parties who foreseeably rely on the lawyer's opinion or other legal services).

Federal Rule of Civil Procedure 8 requires only that a "short and plain statement of the

claim showing that the pleader is entitled to relief . . . ."  "[S]uch a claim requires a complaint

with enough factual matter (taken as true) to suggest that an agreement was made."  <u>See</u> <u>Bell</u>

<u>Atlantic</u>, 127 S.Ct. at 1965.

In this 12(b)(6) motion, the Count accepts as true the Third Party Plaintiffs' allegations

that they relied upon Pasricha to submit their Termination Agreement and Rose's licensing

agreement to Carlson, and he knew they were relying upon him to do so, but he did not do so,

and, as a result of his failure, they are liable to Carlson for liquidated damages in the amount of

$241,394.08.

The allegations of the complaint are supported by the exhibit dated January 11, 2005 from Andi Putnam of Carlson Hotels Worldwide to Patel at Gokul Management which reads in part, "Enclosed is the Termination Agreement . . . for your review . . . . [I]f it meets with your approval, sign it and return both executed copies to my attention.  I will then present the agreement to Carlson together with the License Agreement for the new owner for Carlson's signature and return to you one full-executed copy."  Thus, it appears that the return of the Termination Agreement by the Third Party Plaintiffs to Carlson was a condition precedent for Carlson to accept Rose as the new franchisee.  Thus, Pasricha's failure to remit the Termination Agreement to Carlson on behalf of the Third Party Plaintiffs would have prevented conclusion of any other licensing agreement that would have, or could have, been made.  For the purposes of the motion to dismiss, the Court need not consider whether the Third Party Plaintiffs can ultimately prevail against Pasricha.

Even though the Third Party Plaintiffs were represented by their own counsel, and not by Pasricha, in this particular action, under New Jersey law, an attorney owes a duty to a non-client where the attorney know or should have known that the non-client was relying on the attorney in his professional capacity.  Here, the Third Party Plaintiffs' Complaint states that they relied on Pasricha's representation that he would remit the Termination Agreement to Carlson on their behalf and he failed to do so.  Thus, the Third Party Plaintiffs' Complaint against Pasricha has pleaded facts sufficient to withstand dismissal by apprising Pasricha of their claims against him. The New Jersey law provides the ground upon which those claims rest.  The Third Party Complaint will not be dismissed at this time.

**Pasricha's Motion for Rule 11 Sanctions**

In a separate motion, Pasricha alleges that the Third Party Complaint is "frivolous, without legal basis and brought solely to harass", and Pasricha seeks Rule 11 sanctions against the attorney for the Third Party Plaintiffs on the ground that he acted unreasonably in filing the Complaint.

The Federal Rules of Civil Procedure in Rule 11(b), Representations to Court, provide that:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [that] (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

In the Third Circuit, "the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted). Reasonableness in the context of a Rule 11 inquiry has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." Id. "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Id. At this early stage of the litigation, it does not appear that the Third Party Complaint is "patently unmeritorious." The Third Party Plaintiffs have pleaded sufficient facts and there is a basis in law to defeat the motion to dismiss. Thus, Pasricha's motion for Rule 11 sanctions is denied.

**CONCLUSION**

The Third Party Plaintiffs have pleaded sufficient facts and law sufficient to withstand Pasricha's 12(b)(6) motion to dismiss and, therefore, his motion will be denied. Because, at this early stage of the litigation, Pasricha has not shown the Third Party Complaint to be patently unmeritorious, Pasricha's motion for sanctions, made pursuant to Fed. R. Civ. P 11, will also be denied. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: August 13, 2006